In the Matter of LORENZO A. GRIPPO, an Attorney, Respondent. WESTCHESTER COUNTY BAR ASSOCIATION, Petitioner.

Second Department, October 1, 1973.

*Alfred D. Fredericks* for petitioner.

*Clark, Gagliardi & Miller* (*James J. Downes* of counsel), for respondent.

*Per Curiam.* The respondent was admitted to practice law by this court on December 16, 1959. The petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues in this proceeding to discipline the respondent for professional misconduct were referred for hearing and report.

The respondent is charged with seven specifications of misconduct. In brief, the reporting Justice has found the respondent guilty of professional misconduct, *inter alia*, as follows: (1) with respect to a claim for recovery of damages for personal injuries which had been forwarded to him by New Jersey counsel and upon which he had brought an action, failing to respond to inquiries from the forwarding attorney as to the status of the action and returning the file to that attorney only after the petitioner's intervention in the matter, (2) as to three separate sets of claims for recovery of damages for personal injuries, failing to diligently prosecute actions thereon, as a result of which they became time-barred, (3) failing to record a deed on behalf of his client, after which the latter was obliged to retain another attorney to record the deed nine months later, and with respect to the same client failing to use the sum of $150 given to him to pay for certain investigative services, (4) neglecting to diligently proceed with the administration of a decedent's estate, as a result of which a motion to fix the estate tax was inordinately delayed for five years, and (5) in a personal injury action, failing to comply with a court order directing him to turn over the file to substitute counsel.

The charges are fully sustained by the proofs and, accordingly, the petitioner's motion to confirm the report is granted.

In determining the nature and extent of the discipline to be imposed upon the respondent we have taken into consideration his contrition and candor and his co-operation with the petitioner. Under all of the circumstances, it is our opinion that the respondent should be, and he hereby is, suspended from the practice of law for a period of one year, commencing November 1, 1973, and until further order of this court.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.